NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


| | | |
|---|---|---|
| NOVATION VENTURES, LLC, | ) | No. 16-55289 |
| | ) | |
| Plaintiff-Appellant, | ) | D.C. No. 2:15-cv-00954-BRO-PJW |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| THE J.G. WENTWORTH COMPANY, LLC, a Delaware limited liability company, FKA JGWPT Holdings, LLC; THE J.G. WENTWORTH COMPANY, a Delaware corporation, FKA JGWPT, Inc.; J.G. WENTWORTH S.S.C. LIMITED PARTNERSHIP, a Nevada limited partnership; PEACH HOLDINGS, LLC, a Delaware limited liability company, DBA Peachtree Financial Solutions. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants-Appellees. | ) ) | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted October 3, 2017
Pasadena, California

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: FERNANDEZ, RAWLINSON, and N.R. SMITH, Circuit Judges.

Novation Ventures, LLC ("Novation") appeals the district court's dismissal of its action[1] against The J.G. Wentworth Company, LLC, The J.G. Wentworth Company, J.G. Wentworth S.S.C. Limited Partnership, and Peach Holdings, LLC (collectively the "Wentworth Entities"). Novation's action alleged claims for violations of antitrust law,[2] a Lanham Act misrepresentation claim,[3] and a claim under California's Unfair Competition Law.[4] We affirm.

As Novation's SAC indicates, the parties are all "engaged in the business of purchasing structured settlement payment receivables by buying the right to receive scheduled future payments from individual settlement recipients who do not wish to or cannot wait years for their annuitized payments."

(1) Novation first asserts that the district court erred when it determined that Novation's SAC failed to state a claim because it did not plausibly[5] allege that

---

[1]*See* Fed. R. Civ. P. 12(b)(6) ("failure to state a claim upon which relief can be granted"). The district court dismissed Novation's Second Amended Complaint ("SAC") with prejudice.

[2]*See* 15 U.S.C. §§ 2, 18.

[3]*See* 15 U.S.C. § 1125(a) (Lanham Act § 43(a)).

[4]Cal. Bus. & Prof. Code § 17200.

[5]*See Ashcroft v. Iqbal*, 556 U.S. 662, 677–79, 129 S. Ct. 1937, 1949–50, 173

(continued...)

the actions of the Wentworth Entities had caused Novation an antitrust injury. *See Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal.*, 190 F.3d 1051, 1055 (9th Cir. 1999); *see also Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489, 97 S. Ct. 690, 697, 50 L. Ed. 2d 701 (1977). We disagree.

As the district court pointed out, Novation could not merely rely upon harm to consumers, if any there was, to establish its own standing to sustain an antitrust claim. *See, e.g.*, *Big Bear Lodging Ass'n v. Snow Summit, Inc.*, 182 F.3d 1096, 1102 (9th Cir. 1999); *see also Am. Ad Mgmt.*, 190 F.3d at 1056. Moreover, if a lack of competition among the Wentworth Entities precluded one or more of them from offering consumers a better price, that did not plausibly harm competition; indeed, it most likely would have benefited Novation. *See Pool Water Prods. v. Olin Corp.*, 258 F.3d 1024, 1034–35 (9th Cir. 2001); *see also Weyerhaeuser Co. v. Ross-Simmons Hardwood Lumber Co., Inc.,* 549 U.S. 312, 322–23, 127 S. Ct. 1069, 1076–77, 166 L. Ed. 2d 911 (2007); *Big Bear Lodging*, 182 F.3d at 1102. Similarly, the SAC did not plausibly plead that the Wentworth Entities severely

---

[5](...continued)
L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57, 127 S. Ct. 1955, 1964–66, 167 L. Ed. 2d 929 (2007).

restricted or foreclosed[6] Novation from competing in the market[7] by preventing it

from advertising its services.[8]  Rather, the whole advertising market was open to

Novation—that market was not Google alone, and, at any rate, Novation could

compete for Google advertising.

Also, as the SAC as much as indicates, competitors can still effectively

compete by using their advertising dollars.  And, even if the Wentworth Entities'

practices were somewhat misleading,[9] that is far from a plausible pleading that the

conduct is anti-competitive.[10]  By the same token, the assertion that consumers are

not wise enough to recognize labeled advertisements for what they are, or to scroll

down farther than the first three entries they see, is itself not plausible.  *See*

---

[6]*See Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 478, 112 S. Ct. 2072, 2088, 119 L. Ed. 2d 265 (1992).

[7]As pled, the market "is the purchasing of structured settlement payment receivables from individual consumer sellers."

[8]Merely making it more difficult to succeed is not enough to show a violation.  *See Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 458, 113 S. Ct. 884, 892, 122 L. Ed. 2d 247 (1993); *Cascade Health Sols. v. PeaceHealth*, 515 F.3d 883, 902 (9th Cir. 2008).

[9]Note, however, that selling similar products under different brand names is not itself improper.  *See Drop Dead Co., Inc. v. S.C. Johnson & Son, Inc.*, 326 F.2d 87, 95–96 (9th Cir. 1963).

[10]*See Am. Prof'l Testing Serv., Inc. v. Harcourt Brace Jovanovich Legal & Prof'l Publ'ns, Inc.*, 108 F.3d 1147, 1152 (9th Cir. 1997).

4

*Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1152 (9th Cir. 2011). In short, the district court did not err.

(2) Novation then asserts that the district court erred when it determined that Novation had not plausibly pled a false advertising claim against the Wentworth Entities. *See* 15 U.S.C. § 1125(a)(1)(B); *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997); *William H. Morris Co. v. Grp. W, Inc.*, 66 F.3d 255, 257–58 (9th Cir. 1995) (per curiam). Again, we disagree. Essentially, Novation does not plead any literally or implicitly false statement in any of the Wentworth Entities' advertisements. All it pleads is that the separate entities did not advertise their affiliations. Moreover, there is no plausible reason to determine that consumers, and their advisors, who seek to sell future payments from their structured settlements would fail to exercise a relatively high degree of care when considering what were labeled as advertisements[11] of various settlement-purchasing services offered by the Wentworth Entities and others.[12] The district court did not err.

(3) Novation finally attacks the district court's determination that it had

---

[11]*See Playboy Enters., Inc. v. Netscape Commc'ns Corp.*, 354 F.3d 1020, 1030 & n.43 (9th Cir. 2004).

[12]*See Au-Tomotive Gold, Inc. v. Volkswagen of Am., Inc.*, 457 F.3d 1062, 1076 (9th Cir. 2006); *see also Network Automation*, 638 F.3d at 1152–53.

not plausibly pled a claim under California's Unfair Competition Law. *See* Cal. Bus. & Prof. Code § 17200. Still again, we must disagree. We need not consider whether it would be possible to spell out a plausible unfair competition claim under California law, even if a plausible claim was not pled under antitrust law or the Lanham Act. *See In re Tobacco II Cases*, 46 Cal. 4th 298, 311–12, 93 Cal. Rptr. 3d 559, 569, 207 P.3d 20, 29 (2009); *Chavez v. Whirlpool Corp.*, 93 Cal. App. 4th 363, 375, 113 Cal. Rptr. 2d 175, 184 (2001); *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180, 186–87, 83 Cal. Rptr. 2d 548, 561, 565, 973 P.2d 527, 540, 544 (1999). That is because, as the district court decided, in this case as pled, any claimed unlawfulness, unfairness, or fraud[13] was based entirely on the alleged federal antitrust and Lanham Act wrongdoing. Thus, the California Unfair Competition Law claim fell along with the federal claims.

AFFIRMED.

---

[13] *See* Cal. Bus. & Prof. Code § 17200.

FILED

OCT 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Novation Ventures, LLC v. The J.G. Wentworth Co.*, **Case No. 16-55289**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.